IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTOINETTE LEE                                                                                              PLAINTIFF

v.                                                    Civil No. 4:23-cv-04029

SUSTAINABLE FORESTS, LLC. AND
BLUE SKY TIMBER PROPRTIES, LLC                                                              DEFENDANTS

## MEMORADUM OPINION

Before the Court is Plaintiff's Application for Entry of Default (ECF No. 9), Plaintiff's Motion for Entry of Default (ECF No. 11), and Plaintiff's Motion to Enter Default Judgment (ECF No. 12). Defendants have responded to the Motion. ECF No. 14. Plaintiff also filed a Reply. ECF No. 17. A hearing was held on these Motions on August 30, 2023. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court.

**1.    Background:**

On March 3, 2023, Plaintiff filed her *pro se* Complaint against Defendants Sustainable Forests and Blue Sky Timber. ECF No. 2. In her original Complaint here, Plaintiff claims the Defendants violated federal law by seizing lands granted to her forebearers by the United States. She also claims Defendant Sustainable Forest seized the land by adverse possession in 1967. Plaintiff claims this seizure was a violation of her civil rights under 42 U.S.C. § 1983. The original Complaint in the instant matter is similar to a prior complaint in which Plaintiff raised nearly identical factual claims. The prior case was dismissed with prejudice for lack of jurisdiction. *See Lee v. ARKLA Chemical Corp*. et al., 4:22-cv-04102. Separate Defendant Sustainable Forests was one of the named Defendants in that prior complaint. *Id.*

After the purported service of process, but prior to the filing of the three motions for default, and prior to any answer or appearance by the Defendants, the Plaintiff filed an Amended Complaint. ECF No. 6. This Amended Complaint is based on the exact same factual allegations as the Original Complaint. However, Plaintiff in her Amended Complaint makes claims of violation of Arkansas law (trespass and destruction of property of another) and asserts diversity jurisdiction rather than federal question jurisdiction. Plaintiff never attempted to serve the Amended Complaint on either Defendant.

May 30, 2023, Plaintiff filed proof of service and asserts to have served the Original Complaint on Defendant Blue Sky Timber on May 12, 2023. ECF No. 7. On June 5, 2023, Plaintiff filed her proof of service and asserts to have served the Original Complaint on Defendant Sustainable Forests on May 12, 2023. ECF No. 8. The Complaint was purportedly served on CT Corporation System as agent for service of process for both Defendants.

On June 9, 2023, Plaintiff filed an Application for Entry of Default against the Defendants. ECF No. 9. On July 7, 2023, Plaintiff filed a Motion for Entry of Default against Defendants. ECF No. 11. Also, on July 7, 2023, Plaintiff filed a Motion to Enter Default Judgment against Defendants. ECF No. 12. With these multiple motions, Plaintiff urges the Court to enter a default and default judgment against the Defendants based upon Defendants failure to answer the Original Complaint. *Id.*

On July 24, 2023, Defendants filed a Response to Plaintiff's Motions for Entry of Default and Default Judgment and Brief in Support. ECF Nos. 14, 15. In their Response, Defendants argue Plaintiff is not entitled to entry of default because (1) service has not been perfected on Defendants, (2) the filing of Plaintiff's Amended Complaint rendered Plaintiff's requests for default and default judgment moot, (3) the Motion for Default Judgment is premature, and (4) Plaintiff fails to state any viable claims against Defendants. *Id.* Defendants provided declarations

from the purported agent who accepted service for the separate Defendants stating the entity was not the agent for service of process for either defendant at the time of the attempted service of process. ECF Nos. 14-4, and 14-5.

On July 31, 2023, Plaintiff filed a Reply and argues service of the Complaint and Summons was perfected by serving International Paper Company who Plaintiff alleges is the parent company and a managing agent or partner for both Defendants. ECF No. 17. This was the first instance of Plaintiff claiming to have served a parent company in lieu of service on the named Defendants.

2. **Applicable Law:**

Pursuant to Federal Rule of Civil Procedure 55 "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of a default under Rule 55(a) must precede the grant of a default judgment under Rule 55(b). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). It is within the discretion of the Court to determine whether a default judgment should be entered against a party under Rule 55(b). *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856. Entry of default judgment, however, is not favored and "should be a rare judicial act." *In re Jones Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir. 1995) (internal quotations and citations omitted). When a default judgment is sought for a party's failure to defend, the Court must consider whether the party's actions were "willful violations of court rules, contumacious conduct, or intentional delays." *Ackra,* 86 F.3d at 856 (internal quotations and citations omitted). "[D]efault judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Id.*

The Eighth Circuit Court of Appeals maintains a strong preference for adjudication of disputes on the merits, deeming it "likely that a party who promptly attacks an entry of default, rather than waiting for a default judgment to be granted, was guilty of mere oversight," and wishes

to defend the case on the merits. *Johnson v. Dayton Electric Manufacturing Co.,* 140 F.3d 781, 783-84 (8th Cir.1998).

3. **Discussion:**

Following a review of the pleadings and after having heard arguments of the parties, this Court finds the Plaintiff's Application for Entry of Default (ECF No. 9), Plaintiff's Motion for Entry of Default by Court (ECF No. 11), and Plaintiff's Motion to Enter Default Judgment, (ECF No. 12) should be denied based upon Plaintiff's failure to perfect service on the Defendants and the fact Plaintiff's Amended Complaint resulted in the Original Complaint no longer being the live pleading in this case.

A. **Improper Service**

Federal Rule of Civil Procedure 4 provides that a plaintiff may serve a corporation in one of two ways. First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made. Fed.R.Civ.P. 4(h)(1), 4(e)(1). Second, a plaintiff may effect service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized ... to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed.R.Civ.P. 4(h)(1).

In this matter, Plaintiff has failed to properly serve the Defendants. Plaintiff has acknowledged in her pleadings and in her argument before the Court that she served an entity known as the agent for International Paper Company who Plaintiff alleges is the parent company and a managing agent for both Defendants. ECF No. 17. Plaintiff, who is proceeding *pro se*, provides no basis or evidence to support the claim that International Paper Company is a proper party to receive service of process on behalf of either Defendant.

From the record and arguments of the parties, it appears Plaintiff's attempt at service of process on the Defendants was through service on CT Corporation System ("CT"). CT serves as a registered agent for service of process for many business entities within the State of Arkansas. ECF No. 14-4. At the hearing, Defendants referenced the declarations of Alexandre Harlow of CT. ECF No. 14-4, 14-5. As set forth in those declarations, (1) CT is not the registered agent for Defendant Blue Sky Timber Properties, (2) CT is not the registered agent for Defendant Susatainble Forests, and (3) CT did receive a summons and complaint directed to Defendant Blue Sky Timber Properties but rejected those documents and notified Plaintiff of the failure of service. *Id.*

Further support for Defendants argument of improper service is shown by Court's Exhibits 1-4 which were provided during the hearing. Court Exhibit 1 and 2 are Certificates of Fact from the Arkansas Secretary of State which certify that both Defendants have withdrawn from doing business in the State of Arkansas. Additionally, according to Court Exhibit 3, Defendant Sustainable Forests filed Articles of Withdrawal with the Arkansas Secretary of State on November 7, 2012, and appointed the Secretary of State as its agent for service of process for any action arising during the time it was authorized to transact business in the State. Likewise, according to Court Exhibit 4, Defendant Blue Sky Timber Properties filed Articles of Withdrawal with the Arkansas Secretary of State on April 4, 2013, and appointed the Secretary of State as its agent for service of process for any action arising during the time it was authorized to transact business in the State.

Based upon the forgoing, the Court finds that Plaintiff has failed to perfect service of process on either Defendant.

### B. Effect of Plaintiff Filing Amended Complaint

On March 3, 2023, Plaintiff filed her *pro se* Complaint against Defendants Sustainable Forests and Blue Sky Timber. ECF No. 2. On May 16, 2023, Plaintiff filed an Amended Complaint against the same Defendants. ECF No. 6. In her Motions for Default against the Defendants, Plaintiff relies on her Original Complaint, and fails to recognize the effect of her filing an Amended Complaint.

"It is well-established that an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Therefore, any argument of default based on Defendants' failure to answer or otherwise respond to the Original Complaint is a nullity and any pending requests for default or default judgment based on the Original Complaint should be denied as moot.

### 4.   Conclusion:

Based upon the foregoing, the Court finds Plaintiff's Application for Entry of Default (ECF No. 9), Plaintiff's Motion for Entry of Default by Court (ECF No. 11), and Plaintiff's Motion to Enter Default Judgment, (ECF No. 12) should be **DENIED**.

Because Plaintiff is proceeding *pro se* and explained to the Court why she made no attempt to serve the Amended Complaint the Court will address service of the Amended Complaint. Pursuant to FED.R.CIV.P. 4(m), the Court finds good cause exists to excuse the failure to serve the Amended Complaint.[1] **Accordingly, the Plaintiff shall serve a summons and the Amended Complaint on the Defendants within forty-five (45) days of the date of this Order.** Pursuant

---

[1] Plaintiff stated at the hearing she did not think further service was necessary as she thought she had served Defendants and Defendant's counsel would thereafter have access to the Court's electronic filing system and the Amended Complaint. The Court accepts this statement and finds Plaintiff acted in good faith in her efforts and belief in this regard.

to FED.R.CIV.P. 12(a) the Defendants shall have twenty-one (21) days from the date of such service to file their answer or other responsive pleading.

**Plaintiff is directed not to file any additional pleadings in this matter until service is completed and Defendant's have responded to the Amended Complaint.**

**DATED this 6th day of September 2023.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE