IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


ANTOINETTE LEE                                                                PLAINTIFF

v.                                       Civil No. 4:23-cv-04029

SUSTAINABLE FORESTS, LLC. AND
BLUE SKY TIMBER PROPRTIES, LLC                                   DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' Motion to Dismiss Amended Complaint.  ECF No. 35.

Plaintiff has responded to the Motion.  ECF No. 44.  Also before the Court is Plaintiff's Motion

For Leave to Amend Complaint.  ECF No. 39.  Defendants have filed their Response in opposition.

ECF No. 42.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable

Susan O. Hickey referred these Motions to this Court for the purpose of making a report and

recommendation.   In accordance with that referral, this Court enters the following report and

recommendation.

1.      **Background:**

On March 3, 2023, Plaintiff filed her *pro se* Complaint against Defendants Sustainable

Forests and Blue Sky Timber ("Blue Sky").  ECF No. 2.  In her original Complaint here, Plaintiff

claims the Defendants violated federal law by seizing lands granted to her forebearers by the

United States.  She also claims Defendant Sustainable Forest seized the land by adverse possession

in 1967.  Plaintiff claims this seizure was a violation of her civil rights under 42 U.S.C. § 1983.

The original Complaint in the instant matter is similar to a prior complaint in which Plaintiff raised

nearly identical factual claims.  The prior case was dismissed with prejudice.  *See Lee v. ARKLA*

*Chemical Corp*. et al., 4:22-cv-04102.  Separate Defendant Sustainable Forests was one of the named Defendants in that prior complaint.  *Id.*

On May 16, 2023, the Plaintiff filed an Amended Complaint.  ECF No. 6.  This Amended Complaint is based on the exact same factual allegations as the Original Complaint.  However, Plaintiff in her Amended Complaint makes claims of violation of Arkansas law (trespass and destruction of property of another) and asserts diversity jurisdiction rather than federal question jurisdiction.  Plaintiff never attempted to serve the Amended Complaint on either Defendant.

On June 9, 2023, Plaintiff filed an Application for Entry of Default against the Defendants.  ECF No. 9.  On July 7, 2023, Plaintiff filed a Motion for Entry of Default against Defendants.  ECF No. 11.  Also, on July 7, 2023, Plaintiff filed a Motion to Enter Default Judgment against Defendants.  ECF No. 12.  With these multiple motions, Plaintiff urged the Court to enter a default and default judgment against the Defendants based upon Defendants failure to answer the Original Complaint.  *Id.*

On September 6, 2023, this Court denied Plaintiff's Application for Entry of Default, Plaintiff's Motion for Entry of Default by Court, and Plaintiff's Motion to Enter Default Judgment.  ECF No. 19.  This Court denied Plaintiff's Motions based upon improper service and due to the effect of filing an Amended Complaint.  *Id*.  However, because Plaintiff was proceeding *pro se* and explained to the Court why she made no attempt to serve the Amended Complaint, the Court found good cause existed to excuse the failure to serve the Amended Complaint and Plaintiff was allowed to serve the Amended Complaint within forty-five (45) days of that Order.  *Id.*

On November 28, 2023, Defendants filed their Motion to Dismiss Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  ECF No. 35.  Defendants seek to dismiss the Amended Complaint on several grounds including: (1) Failure to perfect proper service on Defendant Blue Sky, (2) Plaintiff's claims are barred by *res judicata*, (3) Plaintiff's lack of

standing to bring this suit, (4) Plaintiff's claims are barred by statute of limitations, and (5) Plaintiff

fails to plausibly allege elements of her claim.  *Id.*

On December 6, 2023, Plaintiff filed a Motion for Leave to Amend Complaint.  ECF No.

37.  On December 11, 2023, this Court denied Plaintiff's Motion because Plaintiff's proposed

Amended Complaint showed an additional twenty-two (22) Plaintiffs without counsel being added

to this matter, and because Plaintiff was proceeding *pro se* she was not allowed to represent these

other parties.  ECF No. 38.  On the same day as this Order, Plaintiff filed a subsequent Motion to

Amend Complaint.  ECF No. 39.  This proposed Complaint was identical to the one Plaintiff

proposed earlier, but the additional twenty-two (22) Plaintiffs were removed.  Defendants are

opposed to Plaintiff's request to file yet another Amended Complaint.  ECF No. 42.

The Court will consider, first, the Motion to Dismiss the Amended Complaint, and second,

the Motion For Leave to Amend Complaint.

**2.      Discussion:**

**A.  <u>Motion to Dismiss Amended Complaint</u>**

As previously stated, Defendants seek to dismiss the Amended Complaint on several

grounds including: (1) Failure to perfect proper service on Defendant Blue Sky, (2) Plaintiff's

claims are barred by *res judicata*, (3) Plaintiff's lack of standing to bring this suit, (4) Plaintiff's

claims are barred by statute of limitations, and (5) Plaintiff fails to plausibly allege elements of her

claim.  ECF No. 35.  Because the Court finds in favor of Defendants on the first four grounds, the

Court will not address whether Plaintiff plausibly alleged elements of her claim.

**i.  <u>Improper Service of Defendant Blue Sky</u>**

Federal Rule of Civil Procedure 4 provides that a plaintiff may serve a corporation in one

of two ways.  First, a plaintiff may use any method of service allowed in the state where the district

court is located or where service is made.  Fed.R.Civ.P. 4(h)(1), 4(e)(1).  Second, a plaintiff may

effect service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized ... to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed.R.Civ.P. 4(h)(1).

According to Defendant, the entity on which Plaintiff purported to perfect service was not the registered agent for Blue Sky and did not exist. ECF No. 35-5. Additionally, Plaintiff was notified of this on October 23, 2023, via a rejection letter. *Id.* Plaintiff acknowledged in her Response that she served an entity known as the agent for International Paper Company who Plaintiff alleges is the managing agent or general agent for Defendant Blue Sky. ECF No. 44. Plaintiff provides no basis or evidence to support the claim that International Paper Company is a proper party to receive service of process on behalf of Defendant Blue Sky.[1]

Plaintiff has failed to perfect service of her Amended Complaint on Blue Sky within the ninety (90) days allotted by Federal Rule of Civil Procedure 4(m) and the forty-five (45) day extended period allowed by Order of this Court on September 6, 2023. ECF No. 19.

Based upon the forgoing, the Court finds Plaintiff has failed to perfect service of process on Defendant Blue Sky and Plaintiff's Amended Complaint should be dismissed as to Defendant Blue Sky.

**ii.  *Res Judicata***

When the affirmative defense of *res judicata* is raised in a motion to dismiss under Rule 12(b)(6), the Court may dismiss a case on that basis if the doctrine's applicability "is apparent on

---

[1] It should be noted Plaintiff's Application for Entry of Default, Plaintiff's Motion for Entry of Default by Court and Plaintiff's Motion to Enter Default Judgment were denied by this Court, in part, based upon improper service. ECF No. 19. Additionally, Plaintiff was made aware at that time that Defendant Blue Sky filed Articles of Withdrawal with the Arkansas Secretary of State on April 4, 2013, and appointed the Secretary of State as its agent for service of process for any action arising during the time it was authorized to transact business in the State.

the face of the complaint," including "public records and materials embraced by the complaint, and materials attached to the complaint." *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)(internal citations, quotation marks, and alterations omitted). "The law of the forum that rendered the first judgment controls the *res judicata* analysis." *See id.* at 764 (quoting *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) ).  Thus, this Court must apply the *res judicata* laws of Arkansas.

Under Arkansas law, *res judicata,* or claim preclusion*,* bars relitigation of a prior claim when: (1) The first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Jayel Corp. v. Cochran*, 365 Ark. 175, 178 234 S.W.3d 278, 281 (2006).  "*Res judicata* bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated." *Id.*  Where a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.  *Swofford v. Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988).

As stated before, on March 3, 2023, Plaintiff filed her *pro se* Complaint against Defendants Sustainable Forests and Blue Sky.  ECF No. 2.  The Complaint here is based on the same occurrence as a prior complaint filed by Plaintiff in which the Plaintiff raised nearly identical factual claims.  That prior case was dismissed with prejudice.  *See Lee v. ARKLA Chemical Corp. et al.*, 4:22-cv-04102.[2]  Defendant Sustainable Forests was a Defendant in that case.  *Id.*

On May 16, 2023, the Plaintiff filed an Amended Complaint.  ECF No. 6.  This Amended Complaint is based on the exact same factual allegations as the Original Complaint.  However,

---

[2] The basis for dismissing Plaintiff's complaint was the lack of federal question jurisdiction and claims being barred by the applicable statute of limitations as set forth in Magistrate Judge Barry A. Bryant's Report and Recommendation, which the District Court adopted *in toto*.

Plaintiff in her Amended Complaint makes claims of violation of Arkansas law and asserts diversity jurisdiction rather than federal question jurisdiction.

Plaintiff's previous lawsuit in *Lee v. ARKLA Chemical Corp* was filed against, among others, Defendant Sustainable Forests and as in the instant lawsuit, involved the same occurrence and set of claims. The allegations generally allege that the Defendants have illegally sold or otherwise conveyed real property that belongs to her. Plaintiff makes claims that she is the rightful owner of the real property at issue because the property was conveyed to her ancestors through a land patent, and the language of the land patent states that the land is granted to the grantee, his heirs, or assignees forever. Plaintiff's previous lawsuit was dismissed with prejudice after Plaintiff had a fair and full opportunity to litigate her claims. *See Francis v. Francis*, 343 Ark. 104, 112, 31 S.W.3d 841, 846 (2000) ("Dismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial.").

Accordingly, *res judicata* bars Plaintiff's instant lawsuit as to Defendant Sustainable Forests. Although Defendant Blue Sky was not a party in Plaintiff's previous lawsuit, privity of parties within the meaning of *res judicata* exists "when two parties are so identified with one another that they represent the same legal right." *Crockett v. C.A.G. Invs., Inc.*, 2011 Ark. 208, 381 S.W.3d 793, 799 (2011).[3] Plaintiff herself alleges that Defendants are in the same chain of title, stating that Sustainable Forests transferred the property to Blue Sky. ECF No. 6, Pg. 5. This would place Blue Sky in privity with Sustainable Forests and would bar Plaintiff's instant lawsuit as to Defendant Blue Sky. *Res judicata* bars any claim here against Defendant Blue Sky.

---

[3] Although Blue Sky was not a named Defendant in the *Lee v. ARKLA Chemical Corp* matter, they were specifically mentioned in the Complaint as a Grantee of a land sale from the Grantor Sustainable Forests. *See Lee v. ARKLA Chemical Corp. et al.,* 4:22-cv-04102, ECF No. 7, Pgs. 6-8.

### iii.  **Plaintiff's Standing to Bring Lawsuit**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject-matter jurisdiction over the case.  *See Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008).  Because standing is a jurisdictional question, a motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1).  *See Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 547 (8th Cir. 2018).  A challenge to jurisdiction under Rule 12(b)(1) may proceed in one of two ways: as a facial challenge or as a factual challenge.  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).  *Id.*  In a factual attack, the court may consider matters outside the pleadings, and the non-movant does not have the benefit of the 12(b)(6) protections.  *Id.*  In this case, Defendants are making a factual attack to Plaintiff's standing.

In this matter, Plaintiff makes allegations that the Defendants have illegally sold or otherwise conveyed real property that belongs to her because of being an heir to Cupe Shepherd, her second great grandfather.  ECF No. 6.  Plaintiff makes claims that she is the rightful owner of the real property at issue because the property was conveyed to her ancestors through a land patent, and the language of the land patent states that the land is granted to the grantee, his heirs, or assignees forever.  *Id.*

In making this claim, Plaintiff fails to show or claim she is the exclusive heir of Cupe Shepherd and fails to establish her heirship has been established by any proceeding or court ruling. There is also an absence of evidence that Plaintiff has been appointed as executor, administrator, or in some other capacity as the personal representative of the Estate of Cupe Shepherd.  Plaintiff does not even present evidence of when Cupe Sheperd died, where he died, or whether he died

intestate or not.  Based on this, Plaintiff lacks standing to bring this action, and her Amended Complaint should be dismissed.

### iv. **Claims Barred by Statute of Limitations**

Defendants fourth basis of dismissal of Plaintiff's Amended Complaint is based upon the claims being barred by the applicable statute of limitations.  Based on the facts as pled in the Amended Complaint, any cause of action accruing to Plaintiff arose at least by April 10, 2003, when Plaintiff claims Defendant Sustainable Forests transferred ownership rights to Blue Sky. ECF No. 6, p. 5.[4]

 Any claim based on the execution of the documents outlined in the Amended Complaint is barred by Arkansas's three-year statute of limitations for fraud.  *See* Ark. Code Ann. § 16-56-105(1) (2020).  These documents were all filed of public record over twenty years ago in 2003. As such, they were constructive notice to everyone from the time they were filed.  Ark. Code Ann. §14-15-404(a)(1).  Plaintiff has supplied no demonstration that limitations tolling should apply for any reason.

Further, the statute of limitations for trespass and claims of injuring, destroying or carrying away property of others is three years from occurrence.  *Id.* at §16-56-105(4), (6).  In an action to recover land, tenements, or hereditaments, the statute of limitations is 7 years.  *Id*. at §18-61-101(a).

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of

---

[4] The Court is giving Plaintiff the most generous date for the accrual of this cause of action.   It should be noted that the events giving rise to this dispute date back to documents from the 1890's.  ECF No. 6, p. 9. Plaintiff also alleges Defendant Sustainable Forests began to trespass on the land in issue on January 1, 1967.  ECF No. 6, p. 5.

the complaint.  *Smith–Haynie v. District of Columbia,* 155 F.3d 575, 578 (D.C.Cir.1998). Accordingly, the Court finds Plaintiff's claims also are time-barred and should be dismissed.

**B.  <u>Motion For Leave to Amend Complaint</u>**

Following the filing of Defendants' Motion to Dismiss, on December 6, 2023, Plaintiff filed a Motion for Leave to Amend Complaint.  ECF No. 37.  This Court denied Plaintiff's Motion because Plaintiff's proposed Amended Complaint showed an additional twenty-two (22) Plaintiffs without counsel being added to this matter, and because Plaintiff was proceeding *pro se* she was not allowed to represent these other parties.  ECF No. 38.   On the same day that motion was denied, Plaintiff filed a subsequent Motion to Amend Complaint.  ECF No. 39.  This proposed Complaint was identical to the one Plaintiff proposed earlier, but the additional twenty-two (22) Plaintiffs were removed.  *Id.*

Defendants are opposed to Plaintiff's request to file yet another Amended Complaint.  ECF No. 42.  Defendants argue the motion should be denied based on undue delay, undue prejudice and futility.  *Id.*  Because this Court finds allowing this Amended Complaint would be futile, the court will only address this ground for denial.

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings.  Rule 15(a) provides in pertinent part:

> *(1) Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> *(2) Other Amendments.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994). "Duplicative and frivolous claims are futile." *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013).

The Court finds Plaintiff's Motion to Amended Complaint should be denied because it is duplicative of claims previously asserted. The proposed amendment would not cure the deficiencies identified in the current complaint and discussed above. The Court finds that the proposed amended complaint would not survive review for the same reasons discussed above. Therefore, it would be futile to allow Plaintiff to file the proposed amended complaint and Plaintiff's Motion for Leave to Amend the Complaint should be denied.

**3.   Conclusion:**

Based upon the foregoing, the Court recommends Defendants' Motion to Dismiss Amended Complaint (ECF No. 35) should be **GRANTED** and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 39) should be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger de novo review by the district court. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 25th day of January 2024.**

*/s/   Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE