IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTOINETTE LEE                                                                                    PLAINTIFF

v.                                    Case No. 4:23-cv-04029

SUSTAINABLE FORESTS, LLC and
BLUE SKY TIMBER PROPERTIES, LLC                                                    DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation ("R&R") filed January 25, 2024, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 45. Judge Bryant recommends granting Defendants' Motion to Dismiss (ECF No. 35) and denying Plaintiff's Motion to Amend Amended Complaint (ECF No. 39). ECF No. 29. Plaintiff responded with objections. ECF No. 46. Defendants responded to Plaintiff's objections. ECF No. 47. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On March 3, 2023, Plaintiff filed this action, alleging generally that Defendants Blue Sky Timber Properties, LLC ("Blue Sky") and Sustainable Forests, LLC ("Sustainable Forests") have illegally sold or otherwise conveyed real property that belongs to her. On May 16, 2023, Plaintiff filed an Amended Complaint alleging the exact same factual allegations as Plaintiff's initial complaint, however, her Amended Complaint asserts claims under Arkansas law and is brought pursuant to diversity jurisdiction rather than federal question jurisdiction. ECF No. 6. Plaintiff's Amended Complaint (ECF No. 6) is the operative complaint in the instant action. Plaintiff claims that she is the rightful owner of the real property at issue because the property was conveyed to her ancestors through a land patent, and the language of the land patent states that the land is

granted to the grantee, his heirs, or assignees forever. ECF No. 6. On November 28, 2023, Defendants filed a motion to dismiss seeking to dismiss the instant action on the following grounds: (1) failure to perfect proper service on Defendant Blue Sky; (2) Plaintiff's claims are barred by *res judicata*; (3) Plaintiff lacks standing to bring suit; (4) Plaintiff's claims are barred by statute of limitations; and (5) Plaintiff fails to plausibly allege elements of her claim. ECF No. 35.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)

(requiring *de novo* review when the record was "strikingly brief," and the magistrate judge did not conduct a hearing). A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 93, 795 (8th Cir. 1996).

### III.  DISCUSSION

Judge Bryant recommends that this case be dismissed for the following reasons: (1) failure to perfect proper service on Defendant Blue Sky; (2) Plaintiff's claims are barred by *res judicata*; (3) Plaintiff lacks standing to bring this suit; and (4) Plaintiff's claims are barred by statute of limitations. Further, Judge Bryant recommends denying Plaintiff's Motion for Leave to Amend Complaint (ECF No. 39) because it suffers the same deficiencies as the operative complaint. The Court agrees with Judge Bryant's recommendations. The Court will address the issues as follows: (1) Plaintiff's failure to perfect proper service on Defendant Blue Sky; (2) Plaintiff's lack of standing to bring this suit; (3) Plaintiff's time-barred claims by the statute of limitations; and (4) Plaintiff's Motion for Leave to Amend Complaint (ECF No. 39). Because the Court finds that Plaintiff's Amended Complaint (ECF No. 6) should be dismissed for the aforementioned reasons, it will not address the issue of *res judicata* or the plausibility of the elements of Plaintiff's claims.

#### A.  Improper Service of Defendant Blue Sky

Defendants argue that Plaintiff failed to perfect service of process on Defendant Blue Sky. ECF No. 35, p. 4. To serve a corporation, Federal Rule of Civil Procedure 4 provides that a plaintiff may: (1) use any method of service allowed in the state where the district court is located or where service is made; or (2) effect service by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing

a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1), 4(h)(2), and 4(e)(1).

Plaintiff has informed the Court that she served an entity known as the agent for International Paper Company whom she alleges is the general agent of Defendant Blue Sky. *See* ECF Nos. 17, 44, & 46. However, Plaintiff provides no basis or evidence to support her assertion that International Paper Company is a proper party to receive service of process on behalf of Defendant Blue Sky. In fact, on October 23, 2023, Plaintiff received a notice of rejection notifying her that the entity she attempted to serve was inactive with the Secretary of State. ECF No 35-5. In her objection to the R&R, Plaintiff asserts that she should not have to "bear the burden" of providing evidence that International Paper Company is the general agent of Defendant Blue Sky. ECF No. 46, p. 3.

In the R&R, Judge Bryant recommends that Plaintiff's Amended Complaint (ECF No. 6) be dismissed as to Defendant Blue Sky because Plaintiff failed to perfect service of her Amended Complaint on Defendant Blue Sky within the ninety (90) days allotted by Federal Rule of Civil Procedure 4(m) and the forty-five (45) day extended period allowed by Order of this Court on September 6, 2023 (ECF No. 19). ECF No. 45, p. 4. Plaintiff has offered neither law nor fact requiring departure from Judge Bryant's recommendation. Accordingly, the Court agrees with Judge Bryant's recommendation that Defendant Blue Sky be dismissed for improper service.

**B. Standing**

Defendants additionally argue that Plaintiff lacks standing to bring this case. ECF No. 35, p. 8. To establish standing, "a plaintiff must demonstrate that he [or she] possesses a legally cognizable interest, or personal stake, in the outcome of the action. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013) (internal citations omitted). "[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction."

*Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (citing *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir. 1993)). "Therefore, a standing argument implicates Rule 12(b)(1)." *Id.* Under a challenge to subject-matter jurisdiction under 12(b)(1), a court "must distinguish between a facial attack and a factual attack." *Osborn v. United States*, 918 F.2d 724, 728 n.6 (8th Cir. 1990) (internal citations omitted). In a facial attack, the court restricts itself to the face of the pleadings, . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* "In a factual attack, the court considers matters outside the pleadings, . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* In their Motion to Dismiss, Defendants make a factual attack as to Plaintiff's standing. ECF No. 35.

Plaintiff asserts that Defendants have illegally sold or otherwise conveyed real property that belongs to her because she is an heir to Cupe Shepherd. ECF No. 6. Plaintiff states that she is the rightful owner of the real property at issue because the property was conveyed to her ancestors through a land patent which states that the land is granted to the grantee, Cupe Shepherd, and his heirs. *Id*. However, Plaintiff fails to show and does not claim that she is the exclusive heir of Cupe Shepherd. Further, Plaintiff fails to establish that her heirship has been established by any proceeding or court ruling. Additionally, there exists an absence of evidence showing that Plaintiff has been appointed as executor, administrator, or in some other capacity as the personal representative of the Estate of Cupe Shepherd. Plaintiff also fails to present evidence of Cupe Shepherd's death, including when he died, where he died, and whether or not he died intestate.[1]

---

[1] On February 28, 2024, Plaintiff filed a Motion for Leave to File Statement in Support of Plaintiff's Standing. ECF No. 51. The Court has reviewed the proposed statement and finds that while Plaintiff provides documents that may prove her familial relationship to Cupe Shepherd, she still fails to present any evidence that Cupe Shepherd died intestate, that she is the only remaining heir, that she has been appointed to act as a representative of the Estate of Cupe Shepherd, or that she is otherwise entitled to the land.

In her objection to the R&R, Plaintiffs simply reasserts, without putting forth any evidence, that she "is an heir of Cupe Shepherd and therefore a grantee of the land patent" granted to him in 1892. ECF No. 46, p. 5.

In the R&R, Judge Bryant recommends that Plaintiff's Amended Complaint (ECF No. 6) be dismissed because she lacks standing to bring this action. ECF No. 45, p. 8. Plaintiff has offered neither law nor fact requiring departure from Judge Bryant's recommendation. Accordingly, the Court agrees with Judge Bryant's recommendation that Plaintiff's Amended Complaint (ECF No. 6) be dismissed because she lacks standing.

### C. Statute of Limitations

Defendants also argue that Plaintiff's claims are time-barred by the statute of limitations. ECF No. 35, p. 9. Pursuant to Arkansas law, the applicable statute of limitations regarding Plaintiff's claims based on the execution of the documents in her Amended Complaint (ECF No. 6) is three (3) years. *See* Ark. Code Ann. §16-56-105(1). Further, the statute of limitations for trespass and claims of injuring, destroying or carrying away property of others is three (3) years from occurrence. *See* Ark. Code Ann. §16-56-105(4), (6). In an action to recover land, tenements, or hereditaments, the statute of limitations is seven (7) years. *See* Ark. Code Ann. §18-61-101(a).

The events giving rise to the instant action commenced in the 1890s. ECF No. 6, p. 9. In her Amended Complaint, Plaintiff asserts that Defendant Sustainable Forests transferred ownership rights of the property to Defendant Blue Sky in 2003, of which is public record. ECF No. 6, p. 5. Consequently, the public was put on constructive notice at the time those documents were filed in 2003. *See* Ark. Code Ann. §14-15-404(a)(1). Plaintiff has supplied no demonstration that limitations tolling should apply for any reason.

In the R&R, Judge Bryant recommends that Plaintiff's claims be dismissed because they

are time-barred by the applicable statute of limitations for fraud. ECF No. 45, p. 8. Plaintiff has offered neither law nor fact requiring departure from Judge Bryant's recommendation. Accordingly, the Court agrees with Judge Bryant's recommendation and finds that Plaintiff's claims should be dismissed because they are time-barred.

### D. Plaintiff's Motion for Leave to Amend Complaint

Plaintiff has a pending Motion to Amend Amended Complaint (ECF No. 39), which she asserts addresses and remedies each of the grounds for which Defendants seek to have her Amended Complaint dismissed. ECF No. 46, p. 6. However, the Court has reviewed the proposed amended complaint and agrees with Judge Bryant's recommendation that Plaintiff's motion be denied. ECF No. 45, p. 10. The proposed amended complaint is duplicative of claims previously asserted and does not cure any deficiencies in the operative complaint. Accordingly, the Court finds that Plaintiff's Motion to Amend Amended Complaint (ECF No. 39) should be denied.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation (ECF No. 45), and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 46) and adopts the Report and Recommendation *in toto*. Accordingly, Defendants' Motion to Dismiss (ECF No. 35) is hereby **GRANTED**. Plaintiff's Motion to Amend Amended Complaint (ECF No. 39) is hereby **DENIED**. This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 24th day of July, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge